UNITED STATES of America,
Plaintiff-Appellant,

v.

Michael DUPREE, Defendant-Appellee.

No. 27805.

United States Court of Appeals,
Fifth Circuit.

July 13, 1970.

Louis C. LaCour, U. S. Atty., Robert O. Homes, Jr., Asst. U. S. Atty., New Orleans, La., for plaintiff-appellant.

Edna Sakir, New Orleans, La., for defendant-appellee.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

PER CURIAM:

This appeal arises from a prosecution for mail theft. The indictment charged defendant with stealing two letters from a residential mailbox in New Orleans. Defendant filed a motion to suppress the letters allegedly stolen by defendant on the ground that the letters had been illegally seized. There was a hearing on the motion, and the district court granted defendant's motion to suppress. The government appeals from that ruling, pursuant to 18 U.S.C. § 3731, as amended by Section 1301 of the Omnibus Crime Control and Safe Streets Act of 1968.

The government's first complaint is that the district court did not grant it a continuance on the hearing on the motion to suppress. The government asked for a continuance when the arresting police officer failed to appear at the scheduled hearing. The government had not subpoenaed the officer, and one continuance on the hearing had already been given to the government. Further, at the hearing the government presented the testimony of an off-duty officer who was with the arresting officer at the time of defendant's arrest, and also read into the record the arresting officer's written report. In light of the foregoing facts, we think it clear that the district court did not abuse its discretion in denying the government's second request for a continuance.

The government's second argument is that the hearing held below shows that probable cause existed for

the arrest of the defendant and that the two letters were seized incidental to a lawful arrest and therefore the district court erred in granting defendant's motion to suppress. To the contrary, we think the transcript of the hearing clearly shows that defendant was arrested on mere suspicion and that the letters were seized incidental to an unlawful arrest, and therefore hold that the district court was correct in suppressing the letters.

Affirmed.